Poulson *et al. v.* Simmons.

Filed Dec. 9, 1890.

---

No. 14,063.

## POULSON ET AL. *v.* SIMMONS.

LAW OF CASE.—The law, as declared on a former appeal, continues to be the law of the case to the end.

From the Hancock Circuit Court.

*J. A. New,* for appellants.

*W. R. Hough* and *L. H. Reynolds,* for appellee.

BERKSHIRE, J.—The only error assigned, to which counsel for the appellants calls our attention, is the one calling in question the correctness of the conclusions of law, as announced by the trial court. Counsel for the appellee make the point that there is not a proper assignment of errors, but in view of the conclusion to which we have arrived we have not seen proper to consider the question of practice.

This case has been here before, and the law, as declared on the former appeal, must continue to be the law of the case to the end.

The opinion of the court, given upon the former appeal, will be found reported in *Thomas* v. *Simmons,* 103 Ind., beginning with page 538. The opinion was delivered by NIBLACK, J.

Poulson *et al. v.* Simmons.

The issues were in no way changed after the cause was re-manded to the trial court for another trial, and hence we can not do better than to adopt the statement made in the former opinion, as it is clear and comprehensive.   This court, in its former decision, affirmed the ruling of the trial court in over-ruling the demurrers to the second, fifth, and sixth para-graphs of the complaint, but held that there was technical error as against the appellants in the court's conclusions of law, as stated in its special finding, at the same time holding that the appellee was entitled to relief of a higher and dif-ferent character than the judgment afforded him.

In the last trial the court seems to have carefully followed the law, as declared by this court, and in view of the facts as found, we can not imagine how its conclusions of law could have been other than as stated.

The facts bring the case clearly within the case made by the second paragraph of the complaint.

Upon the facts found the appellant Poulson was the owner of the judgment and decree, which he obtained against the Forgeys ; and, as was held upon the former appeal, the judg-ment became wholly merged when he purchased the certifi-cate of sale held by Hough to the mortgaged premises, and afterwards obtained a sheriff's deed therefor.

Whatever equities there may have been as between Poul-son and Taylor W. Thomas, they could in no way prejudice or affect the rights of other parties.

There is no error in the record.

Judgment affirmed, with costs.

Filed Dec. 9, 1890.