STATE of Indiana on the relation of Stephen GOLDSMITH, Prosecuting Attorney for the Nineteenth Judicial Circuit, Relator,

v.

SUPERIOR COURT OF HANCOCK COUNTY, and the Honorable Richard T. Payne, as Judge of said Court, Respondents.

No. 179S9.

Supreme Court of Indiana.

March 22, 1979.

Craig E. Pinkus, Indianapolis, Theodore L. Sendak, Atty. Gen. of Ind., Donald P.

Bogard, Chief Counsel-Staff, Indianapolis, for relator.

Phillip W. Brown, Brown, Brown & McQueen, Shelbyville, for respondents.

## ORIGINAL ACTION

GIVAN, Chief Justice.

On January 11, 1979, oral argument was had and this Court issued a temporary writ of mandate and prohibition. Respondent filed his return and on January 19, we immediately made the writ permanent by order so that the prosecution of the defendant by Prosecutor Stephen Goldsmith could continue. This opinion states our reasons for making the writ permanent.

At the time this original action was filed, Relator James F. Kelley was the duly elected prosecuting attorney for the 19th Judicial Circuit, consisting solely of Marion County. In this capacity, relator was representing the State of Indiana in the homicide prosecution of *State of Indiana v. Daniel F. Cantwell*, Cause No. SCR 78–15, now pending before the respondents, the Hancock Superior Court and The Honorable Richard T. Payne, Judge. George F. Martz, a deputy prosecutor, was handling the case for relator's office. On December 4, 1978, Martz filed with the respondents a "Verified Petition to Withdraw." In this petition, Martz stated that recent developments had made it clear that he would be a witness in the case. He therefore requested that he be removed from the case and other counsel be appointed.

■ On December 12, the respondent issued an order disqualifying the entire staff of the prosecuting attorney. He held that the prosecutor and his staff of deputies constitute a "firm" within the meaning of Disciplinary Rules 5–101(B) and 5–102(A) of the Code of Professional Responsibility. The respondent further held in this order that the newly elected prosecuting attorney of the 19th Judicial Circuit, Stephen Goldsmith, and his staff were also disqualified since the prosecutor's office "continues through the change of administration" and since some deputy prosecutors would re-

main on the job with the new prosecutor. On December 29, respondent appointed Don A. Tabbert as Special Prosecutor. Relators thereupon petitioned this Court for immediate relief. As this case presents an emergency and a situation of substantial public interest concerning the prosecuting attorney and the execution of the duties of his office, the remedy of extraordinary relief in this Court is appropriate. *State ex rel. Sendak v. Marion Sup. Ct.*, (1978) Ind., 373 N.E.2d 145.

The initial question we must address is whether the Code of Professional Responsibility requires the recusation of the prosecutor's entire staff of deputies when one deputy becomes a witness in the case. DR 5–102(A) provides:

"If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4)."

The exceptions listed in DR 5–101(B) are: [1] if the testimony will relate solely to an uncontested matter; [2] if the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition; [3] if the testimony will relate solely to the nature and value of legal services rendered in the case; and [4] if refusal to represent a client will work a substantial hardship on the client by reason of the distinctive value of the lawyer or his firm in the case. None of these exceptions applies here.

The precise question herein presented has not been decided in this State. Relator, however, points to the recent case of *People v. Sup. Ct., Cty. of San Bernardino and Rabaca*, (1978) 86 Cal.App.3d 180, 150 Cal. Rptr. 156, wherein the California Court of Appeals held that an entire prosecutorial

staff was not required to withdraw when a deputy became a witness in a case handled by the office. We have studied the *Rabaca* opinion and find that it comports with our view of the Code of Professional Responsibility. As the Court points out, many of the Disciplinary Rules, including DR 2–101, DR 2–102, DR 2–107, DR 2–110(A)(3) and DR 3–102, "contain rather unmistakable indicia that these expressions were intended to refer to law firms undertaking employment for remuneration . . ... The content of the regulatory provisions would have little, if any, application except to a law firm engaged in practice for remuneration and in many instances would be nonsensical if applied to a multi-deputy district attorney's office." 150 Cal.Rptr. at 164.

■ The reasons for DR 2–102(A) are advanced in Ethical Consideration 5–9:

"Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively."

These reasons, relating largely to the common interest of the attorney-witness and his law firm in the outcome of the litigation and the appearance of impropriety, have no applicability in the case of a multi-deputy prosecuting attorney's staff. The relationship between the prosecuting attorney and his sole client, the citizens of the circuit in which he serves, is fundamentally and decisively different from a lawyer and the ordinary attorney-client relationship. *Rabaca, supra*, 150 Cal.Rptr. at 170. The lawyers in a law firm have a common financial interest in the case whereas the deputies in a prosecutor's office have an independent duty by law to represent the State of Indiana in criminal matters. Their relationship to each other, rather than pecuniary, is no more than sharing the same statutory duties; and the interest of one deputy which requires him to testify will ordinarily have no financial or personal impact on the other deputies in the office. Thus, there is no reason to recuse the entire staff of deputies of the prosecuting attorney when one deputy becomes a witness in a case handled by the office.

Further, it takes little imagination to realize that where a staff consists of 30 to 40 deputies living in various parts of the city and county, cases involving relatives, neighbors and friends of various deputies will frequently arise. Were we to hold that in every such case a special prosecutor must be appointed, prosecuting attorneys would be precluded from executing their statutory duties and their constituents, the citizens of their respective circuits, would be deprived of the services of their elected officials in a large number of cases.

■ Accordingly, we hold that when a deputy prosecuting attorney becomes a witness in a case which is being prosecuted by him or another person in the prosecutor's office, the Code of Professional Responsibility does not require a recusation of the entire staff of the prosecutor. We must point out, however, that a prosecuting attorney exercises authority over and speaks through his deputies. Thus, if the elected prosecutor himself becomes a witness in a case or otherwise is disqualified by reason of having an interest in the outcome, his entire staff of deputies must be recused in order to maintain the integrity of the process of criminal justice. See *State ex rel. Latham v. Spencer Cir. Ct.*, (1963) 244 Ind. 552, 194 N.E.2d 606.

■ In the case at bar, one deputy prosecuting attorney, George F. Martz, disqualified himself. This withdrawal in and of itself does not disqualify the entire staff of the Marion County Prosecuting Attorney under the Disciplinary Rules. As prosecu-

tor, relator had a duty to appoint and assign deputies to the cases in his office. IC § 33–14–7–2 [Burns' 1975]. Relator could merely have taken the case from Martz and assigned it to another deputy with only a notice of his action to the court and defense counsel. However, that is not the situation we face. Here, Martz filed a petition with the respondent court, stating that "your petitioner hereby moves that he be removed as counsel of record and other counsel *appointed* in his stead. WHEREFORE, your petitioner *prays that this Court grant this petition* and for all other relief deemed proper in the premises." (emphasis added.) A fair interpretation of this petition is that Prosecutor James F. Kelley, speaking through Deputy Martz, was requesting the court to appoint a special prosecutor. Had this been otherwise, there would have been no need to file a verified petition to withdraw along with a request that other counsel be appointed. The respondent court at that point had the right and the obligation to treat the entire Marion County prosecutorial staff as being recused, not by operation of the Disciplinary Rules, but by reason of the voluntary disqualification and the request for appointment of other counsel. Once the petition was filed, relator had no right to avoid recusation of his staff. As was said in *Royal Insurance Company, Limited of Liverpool v. Stewart*, (1921) 190 Ind. 444, 129 N.E. 853, a party who attempts to assume successive positions in the course of a lawsuit or series of lawsuits which are inconsistent with each other or mutually contradictory will be estopped to deny his initial position.

█ The point is made by relator that respondent, as a Superior Court, possessed no authority to appoint a special prosecutor. With this we disagree. It is true that the statute expressly vesting the power to appoint special prosecutors refers only to circuit courts. IC § 33–14–1–5 [Burns' 1975]. It has been a longstanding principle in this State that all our courts exercising criminal jurisdiction have the inherent power and duty to appoint attorneys to assist the prosecutor in the trial of criminal cases. *Williams v. State*, (1919) 188 Ind. 283, 123 N.E. 209. Further, IC § 33–5–23–5 [Burns' 1975]

confers on the Hancock Superior Court concurrent and coordinate jurisdiction in all proceedings in which the Hancock Circuit Court has jurisdiction. Hence, the respondent unquestionably possessed the authority to appoint a special prosecutor.

█ In the case at bar, however, the respondent did not merely disqualify the entire staff of Prosecutor Kelley and then immediately appoint a special prosecutor. Had he done so, a different result might obtain. Instead, the respondent proceeded to disqualify the incoming Prosecutor, Stephen Goldsmith, and his staff under DR 5–101(B) and DR 5–102(A). Our previous interpretation of the Disciplinary Rules precludes the recusation of Prosecutor Goldsmith's staff on that ground, and it is clear that Deputy Martz's petition to withdraw can operate only on behalf of Prosecutor Kelley. In this type of situation where merely a disqualification is involved, Martz's motion cannot speak for the incoming prosecutor. Hence, the respondent erred in recusing newly elected Prosecutor Goldsmith.

The temporary writ of mandate and prohibition is hereby made permanent. The current Marion County Prosecuting Attorney is now free to continue the prosecution of the defendant in this cause.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.