STATE of Indiana, Plaintiff-Appellant,

v.

**Raymond L. HARDY, Defendant-Appellee.**

**No. 1-180A5.**

Court of Appeals of Indiana, First District.

June 26, 1980.

---

Theodore L. Sendak, Atty. Gen., Robert F. Colker, Asst. Atty. Gen., Indianapolis, for plaintiff-appellant.

Bruce Markel, III, Markel, Markel & Markel, Brownstown, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellee Raymond L. Hardy was indicted by the Scott Grand Jury on six counts of theft. Prior to his arraignment, the defendant moved to dismiss the indictment, citing as grounds therefor defects in the grand jury proceedings and the indictment. Subsequent to the defendant's entry of a plea of not guilty, the trial court sustained the defendant's motion to dismiss and ordered the indictment dismissed. No trial was had. The State appeals from the dismissal.

We affirm.

## STATEMENT OF THE FACTS

Facts supportive of the trial court's action and relevant to the disposition of this appeal reveal the following: A grand jury was convened in Scott County to look into certain county affairs, including possible improprieties committed by the defendant, who was then the sheriff of Scott County.

On June 5, 1978, Robert D. Railing (Railing), the prosecuting attorney for Scott County, filed a motion to approve the appointment of a special prosecuting attorney, specifically requesting the court to approve the appointment of Theodore L. Sendak, Attorney General of Indiana, and his deputies "to conduct an investigation in and to the affairs of Scott County, Indiana, the conduct of its officers, employees and any persons collaborating with said officers and employees. . . . That this request is made for the purpose of avoiding any possible conflict of interest which might arise out of such investigation in the event that he [Railing] should be called upon as a witness in said matter." The motion was granted.

The indictment was returned on October 11, 1978, charging the defendant with six counts of theft. The signatures on the indictment, excluding that of the clerk, were "Robert F. Colker/Deputy Prosecuting Attorney" and "Clyde Abner/Foreman."

On October 18, 1978, Railing filed a second motion to approve the appointment of a special prosecuting attorney, again requesting the appointment of the Attorney General and his deputies, for the prosecution of the defendant. Again, Railing indicated the purpose of the appointment of a special prosecutor was to avoid conflict of

interest that might arise if Railing were to be called as a witness in the defendant's trial. On October 23, 1978, the court issued an order approving the appointment.

Hearing was held on the defendant's motion to dismiss on June 18, 1979. At the hearing Deputy Sheriff Marvin L. Richey testified regarding his testimony before the grand jury which had concerned claims submitted by the sheriff's department to Scott County for the expenses incurred in the boarding of prisoners in the Scott County Jail. Richey testified that Railing was present in the grand jury room while he testified, and that Railing conducted approximately half of the questioning.

Also testifying at the hearing on the motion to dismiss was Clyde Abner, the grand jury foreman. He stated that the grand jury met for about a month, that he was never absent during the grand jury proceedings, and that Railing was present at all grand jury meetings except one. Abner testified that Railing conducted "about all" of the grand jury proceedings and asked the majority of questions. Abner stated that Railing instructed the grand jury members to write out their questions on slips of paper and that Railing would paraphrase the questions and direct them to the witnesses. Abner testified that he did not prepare the indictment, nor did he read the indictment before signing it. He stated that the grand jury voted to return only four counts against the defendant and he did not realize that the indictment contained six counts. He also stated that he would not know which four of the six counts the grand jury had actually voted to return against the defendant.

## ISSUE

The State raises one issue on appeal, essentially arguing that under Indiana law, the presence of an unauthorized person in the grand jury room is not a proper cause for dismissing an indictment absent a showing of actual prejudice to the defendant. The State contends that no showing of actual prejudice to the defendant was made and that the court erred in dismissing the indictment. The State does not address other issues raised in the defendant's motion to dismiss.

## DISCUSSION AND DECISION

A defect in a grand jury proceeding may constitute a ground for the dismissal of an indictment. Ind.Code 35–3.1–1–4(a)(3) (Supp.1979). An indictment may be dismissed upon the showing of any ground arising out of the grand jury proceeding that would have been cause for abatement of the action under prior law. Ind.Code 35–3.1–1–7(b)(4). The burden of proof is on the defendant to show by a preponderance of the evidence the facts essential to support the motion to dismiss. Ind.Code 35–3.-1–1–8(f).

The defendant challenged the indictment on several grounds, one of which was that the grand jury proceedings were defective due to the presence and active participation of Railing subsequent to the filing and granting of his motion to approve the appointment of a special prosecuting attorney. Railing's reason for seeking the appointment of a special prosecutor to conduct the grand jury proceedings was to avoid a possible conflict of interest that might arise if he were to be called as a witness.

We now consider whether Railing was authorized to be present during the grand jury proceedings. The only persons authorized to be present during grand jury proceedings are the prosecuting attorney or his deputy, Ind.Code 35–1–15–23, and a stenographer, Ind.Code 35–1–15–10. In *State ex rel. Goldsmith v. Superior Court of Hancock County*, (1979) Ind., 386 N.E.2d 942, a deputy prosecutor petitioned that he be removed from a criminal prosecution he was conducting and that other counsel be appointed, because he believed he would be called as a witness in the case. The trial court ordered the disqualification of the entire Marion County prosecutor's staff. The Indiana Supreme Court stated that when a deputy prosecutor becomes a witness in a case, the entire prosecutorial staff need not be recused; the deputy may simply be replaced by another staff deputy upon notice to the

court and defense counsel. Our Supreme Court, however, interpreted the deputy prosecutor's request for the appointment of other counsel to mean that the elected prosecutor, speaking through his deputy, was requesting the court to appoint a special prosecutor. The court said:

> "The respondent court at that point had the right and the obligation to treat the entire Marion County prosecutorial staff as being recused, not by operation of the Disciplinary Rules, but by reason of the voluntary disqualification and the request for appointment of other counsel. Once the petition was filed, relator [Marion County prosecutor] had no right to avoid recusation of his staff. As was said in *Royal Insurance Company, Limited of Liverpool v. Stewart*, (1921) 190 Ind. 444, 129 N.E. 853, a party who attempts to assume successive positions in the course of a lawsuit or series of lawsuits which are inconsistent with each other or mutually contradictory will be estopped to deny his initial position."

386 N.E.2d at 946. Further, in *dicta*, the Court stated that if the elected prosecutor himself becomes a witness to the case, his entire staff must be recused in order to maintain the integrity of the process of criminal justice, citing *State ex rel. Latham v. Spencer Circuit Court*, (1963) 244 Ind. 552, 194 N.E.2d 606.

We interpret *State ex rel. Goldsmith, supra,* to require, upon the petition of an elected prosecuting attorney for the appointment of a special prosecutor in a particular action, the recusation of that prosecuting attorney for all purposes in that action. It cannot be otherwise. The presence and high degree of participation, indeed *control*, of the grand jury proceedings by Railing in this case were, we feel, unauthorized.

Under Indiana law, however, the presence and participation of an unauthorized person in the grand jury room is not, *per se*, grounds for the dismissal of an indictment. The defendant must show prejudice to his substantial rights, and such prejudice is not presumed. *Fair v. State*, (1977)

266 Ind. 380, 364 N.E.2d 1007; *Rennert v. State*, (1975) 263 Ind. 274, 329 N.E.2d 595; *State v. Bates*, (1897) 148 Ind. 610, 48 N.E. 2.

In the instant case, a hearing was held on defendant's motion to dismiss which resulted in the sustaining of that motion. We feel that there was substantial evidence from which the court could have found the defendant to have sustained his burden of proving prejudice, namely, the presence and active participation of a prosecuting attorney who had requested the appointment of a special prosecutor to avoid a possible conflict of interest, and was therefore recused. We will not disturb the trial court's judgment.

The State declares in its brief that "[f]ollowing an investigation by the Indiana State Police, it became apparent that Railing would not be needed as a witness." While this fact would presumably have negated the possible conflict of interest Railing initially perceived, there is nothing in the transcript submitted by the State to support this assertion. As a reviewing court, we can consider nothing that is not contained in the record. *Fair, supra; Burkhart v. Ogle*, (1891) 126 Ind. 599, 26 N.E. 152.

The action of the trial court in dismissing the indictment is affirmed.

Affirmed.

RATLIFF and YOUNG (participating by designation), JJ., concur.