**Raymond Eugene ROBINSON, Sr., Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 283S55.

Supreme Court of Indiana.

May 22, 1985.

John G. Bunner, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of murder Ind.Code § 35–42–1–1. The case was tried before a jury. Appellant received a sentence of sixty years.

Appellant raises four issues on appeal: (1) whether trial court erred in allowing the lawyer of the victim's mother to be present during his testimony before the grand jury; (2) whether trial court erred in refusing to give his tendered instructions, Nos. 5 and 7; (3) whether the evidence was sufficient to support his conviction for murder; (4) the sentence imposed was manifestly unreasonable.

These are the facts that tend to support the determination of guilt. The three-year old victim and her mother lived in Evansville with appellant and his wife. His wife was the victim's mother's cousin. On August 5, 1981, appellant and his wife took their young son to the doctor's office; they left their other children and the victim in the care of a babysitter. According to the testimony of both the babysitter and appellant's wife, appellant viciously beat the victim because she had wet her bed while taking a nap. This beating included such acts as hitting the victim, throwing her against a wall, picking her up by the ears and dropping her head-first on the floor, and kicking her. After the beating, the victim lost consciousness, and she was taken to the hospital. The victim survived in the hospital for seven days. Her breathing was maintained artificially; however, she died as a result of pulmonary infection and extensive brain damage. Testimony at trial established that the beating caused her death.

## I

Appellant argues that the grand jury proceedings were defective and denied him his rights to a fair trial and due process. He contends that it was improper to allow the victim's mother's counsel to be present at the grand jury proceedings. The victim's mother was a suspect in her child's murder; however, after the grand jury proceeding, the murder charge was dismissed and a charge of child neglect was lodged. She was questioned by her counsel during the grand jury proceeding. The trial court denied appellant's Supplemental Motion to Dismiss the indictment. The trial court explained its ruling in this manner:

> Further show that the Court having previously dealt with the witness, Mabel Chase, has noted that she is a person of low intelligence and the Court exercises its option in allowing her attorney to be present with her during her appearance and only during her appearance before the Grand Jury.

In Indiana there is no per se rule presuming prejudice when unauthorized persons appear before the Grand Jury, or even when those persons participate in the interrogation of witnesses. *Fair v. State* (1977), 266 Ind. 380, 364 N.E.2d 1007. A defendant is not entitled to reversal by reason of the presence of outsiders in the grand jury room while the grand jury is hearing testimony, unless the defendant can demonstrate prejudice as a result. See *Rennert v. State* (1975), 263 Ind. 274, 329 N.E.2d 595.

In *State v. Hardy* (1980), Ind., 406 N.E.2d 313, the defendant successfully met that burden by showing that the regular prosecutor who had been disqualified because of a conflict of interest actually conducted the grand jury proceedings investigating the local sheriff. The trial court dismissed the indictments and was upheld. In the present case, we are restricted to the record. *Burkhart v. Ogle* (1891), 126 Ind. 599, 26 N.E. 152. It shows the fact of questioning by private counsel and the prosecutor, and the fact that her personal charge was thereafter reduced. The opportunity for influencing the jury to return a wrongful indictment was restricted to the one witness and her questioning. A potential of like magnitude was presented by the questioning of her by the prosecutor. The danger to the substantial rights of the persons ultimately indicted is much less here than was present in *State v. Hardy, supra.* We find the burden of appellant was not met and that the motion was properly overruled.

## II

Appellant argues that the trial court erred when it refused to give his tendered instructions, Nos. 5 and 7. His tendered instruction No. 5 explained the concept of "beyond a reasonable doubt." His tendered instruction No. 7 explained how inconsistent statements could affect a witness's credibility.

In reviewing an issue concerning the refusal of an instruction, the Court on review must consider whether the tendered

instruction is a correct statement of the law, whether there is evidence to support the giving of the instruction, and whether the substance of the tendered instruction is covered by other instructions given. See *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836; *Richey v. State* (1981), Ind., 426 N.E.2d 389.

■ The trial court's preliminary instructions Nos. 4, 5, 8 and its final instruction No. 18 more than adequately covered the contents of appellant's tendered instructions Nos. 5 and 7. The court was therefore justified in its ruling.

### III

Appellant argues that there was insufficient evidence to support his murder conviction. The appellate court will not weigh the evidence nor judge the credibility of the witnesses. Rather, an appellate court considers only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Reed v. State* (1979), 185 Ind.App. 5, 387 N.E.2d 82; see also *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

■ The evidence most favorable to the State demonstrates that the appellant caused the death of the three-year old victim by viciously beating her. At the time, he was wearing combat boots. He kicked her three times, once in the back of the head. Two eyewitnesses to the beating testified that appellant was the perpetrator. The evidence is clearly sufficient.

### IV

Appellant argues that his sixty-year sentence is manifestly unreasonable because the record in the sentencing hearing does not warrant the enhanced punishment.

■ In order to carry out our function of reviewing the trial court's exercise of discretion in sentencing, we must be told of its reasons for imposing the sentence. *Green v. State* (1981), Ind. 424 N.E.2d 1014. This statement of reasons must contain the following three elements: (1) it must identify all significant mitigating circumstances and aggravating circumstances; a failure to find either when clearly supported by the record may reasonably give rise to a belief that they were overlooked, hence not properly considered. *Page v. State* (1981), Ind., 424 N.E.2d 1021. (2) It must include the specific reason why each circumstance is mitigating or aggravating; and (3) the mitigating circumstances must be weighed against the aggravating circumstances in order to determine if the aggravating circumstances offset the mitigating circumstances. Some articulation of this balancing process must be made in the record by the trial judge. *Abercrombie v. State* (1981), 275 Ind. 407, 417 N.E.2d 316.

The trial court stated its reasons for imposing an aggravated sentence upon appellant as follows:

Court indicates that he's heard the Evidence in the case of State of Indiana vs. Dedra Robinson and in that case he reviewed the Presentence Investigation Report and having considered the argument of counsel for Defendant, the Court now finds the following aggravating circumstances: The child, Shirley Chase, was killed as a result of deliberate intentional and brutal actions on the part of the Defendant and his wife; that this course of conduct existed over some period of time and during one of the beatings the final injuries were inflicted. The Court now finds at the Grand Jury hearing and in prior subsequent statements to the Evansville Police Department, the Defendant purged himself. Defendant shifted the blame to an innocent person namely the mother of the child; that photos introduced at trial by the State was that the child was beat from head to toe; that the child was only three (3) years of age, malnourished and not in good health at the time of the attack; and any sentence other than the maximum would depreciate from the serious-

ness of the crime. Court finds no mitigating circumstances and that the aggravating circumstances outweigh the mitigating circumstances and the Court sentences the Defendant to the Indiana Diagnostic Center for a period of sixty (60) years. Defendant given credit for 345 days served. Good time of 345 days. Court orders Defendant transported to Indiana Diagnostic center.

The trial court's statement clearly indicates that he identified, explained and weighed the aggravating circumstances and mitigating circumstances he found in this case. Appellant's sixty-year sentence for murder is sufficiently supported by aggravating circumstances, and it is not manifestly unreasonable.

The judgment of the trial court is affirmed. Appellant has requested oral argument. That request is denied as we are not persuaded that oral argument would significantly facilitate a proper resolution of the issues presented.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ. concur.