Ronald J. CROSE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–784–A–209.

Court of Appeals of Indiana,
Second District.

Sept. 12, 1985.

John C. Wood, Howard Co. Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Following a bench trial by the Howard County Court, Ronald J. Crose (Crose) was convicted of driving while intoxicated, as a class D felony, and sentenced to a one year suspended sentence. The judgment also placed him on two years of supervised probation.

The issues on appeal are:

(1) Whether the trial court erred by denying Crose's motion to dismiss which contended that the trial court lacked authority to appoint a special prosecutor;

(2) Whether the trial court erred by permitting the special prosecutor to prosecute Crose;

(3) Whether the trial court erred by denying Crose's motion to dismiss which was based upon grounds that the plea agreement reached in another cause was binding on the Howard County Court; and

(4) Whether the trial court erred by receiving evidence on the enhancement prior to pronouncing judgment on the underlying charge.

The evidence most favorable to the judgment shows that on October 25, 1982, Crose was charged, by information, with one count of driving under the influence in Howard County Court, Cause Number 82–2980. Following the recusal of the regular prosecutor, the trial court, on April 19, 1983, appointed Jeffrey R. Smith (Smith) as special prosecutor. On June 30, 1983, Smith filed an amended information which added an enhanced count I–A "driving under the influence, prior conviction." [1]

On October 3, 1983, Crose moved to dismiss the charges pending in Howard County Court contending that prosecution was barred by virtue of a pre-existing plea agreement filed in Howard Superior Court, Cause Number 2457. On August 26, 1983, Crose had pleaded guilty to a charge of possession of a controlled substance in exchange for a suspended sentence and dismissal of the charges in Howard County Court, Cause Number 82–2980. In the motion, Crose also challenged the authority of Special Prosecutor Smith. The motion was denied upon both grounds and this cause set the case for trial on February 9, 1984. The trial judge of Howard County Court convicted Crose of driving under the influence, as a class D felony.

## I & II [2]

Crose initially contends that the trial court herein, a county court, lacked statutory authority to appoint a special prosecutor and that Smith's lack of authority rendered Crose's conviction invalid. Crose argues that pursuant to I.C. 33–14–1–6 [3] only circuit or superior court judges may appoint special prosecutors.

Indiana Code 33–14–1–6 provides, in pertinent part:

"Appointment of special prosecutors.—
(a) Special prosecutors may be appointed only in accordance with this section.

(b) A circuit or superior court judge:

\* \* \* \* \* \*

(3) May appoint a special prosecutor if:
(A) The prosecuting attorney files a petition requesting the court to appoint a special prosecutor; and

(B) The court finds that the appointment is necessary to avoid the appearance of impropriety;"

Crose argues that the omission of county courts from I.C. 33–14–1–6 must be deemed intentional.

The State asserts that the statutory provision relied upon by Crose does not specifically exclude county courts but merely sets out procedure and grounds for appointments of special prosecutor. The State in effect argues that I.C. 33–14–1–6 is directed primarily at the way in which a special prosecutor must be appointed and not at a particular court's authority to make such appointments. In the absence of a specific or direct exclusion of county courts, the State maintains the statute must be read in conjunction with prior case law which provides that all courts exercising criminal jurisdiction have inherent authority to appoint special prosecutors. *State ex rel. Gold-*

---

1. The amended information was filed pursuant to I.C. 9–4–1–54(b)(1) which, by 1981 Ind.Acts, Pub.L. 122, § 1, provided in part:

"A person who operates a vehicle while intoxicated commits a ... Class D felony if:
(1) the person is also charged in the indictment or information with having a previous conviction under this section, if that previous conviction occurred after June 30, 1978[.]"

Count I–A charged Crose with having previously violated I.C. 9–4–1–54(b)(1) on August 29, 1979.

2. Issues I and II challenge the appointment of Special Prosecutor Smith and, therefore, are discussed jointly.

3. Burns Code Ed.Repl. 1985.

*smith v. Superior Court of Hancock County* (1979) 270 Ind. 487, 386 N.E.2d 942; *State ex rel. Williams v. Ellis* (1916) 184 Ind. 307, 112 N.E. 98.

In *State ex rel. Goldsmith, supra,* our Supreme Court held that recusal of a deputy prosecutor did not of itself require the disqualification of the prosecutor's entire staff. 386 N.E.2d at 945. *Cf. State v. Tippecanoe County Court* (1982) Ind., 432 N.E.2d 1377, 1379 (the entire staff of deputy prosecutors is disqualified upon the disqualification of the prosecutor who had administrative control over the entire staff.) The court also stated that although I.C. 33–14–1–5 (repealed 1982), in permitting the appointment of special prosecutors, only referred to circuit courts, "[i]t has been a longstanding principle in this State that all our courts exercising criminal jurisdiction have the inherent power and duty to appoint [special prosecutors]." 386 N.E.2d at 946.

We note that I.C. 33–14–1–6 was enacted *after State ex rel. Goldsmith, supra,* 386 N.E.2d 942, and is a comprehensive statute obviously designed to minimize questions regarding appointments of special prosecutors. Subsection (a) of that statute limits the method of appointment of special prosecutors to the procedures therein prescribed, and then specifies the procedures with which a circuit or superior court judge must comply in making the appointment. However, whether I.C. 33–14–1–6 was intended to take precedence over *State ex rel. Goldsmith, supra,* is a question we need not address, because we hold that Crose's motion to dismiss was an improper collateral attack on Special Prosecutor Smith's authority.[4]

4. The State also asserts that I.C. 33–10.5–3–1(a)(3) and (5) vest the county court with original and concurrent jurisdiction of all class D felonies, misdemeanors, infractions and traffic violations. In light of our disposition, we do not address whether as the State alleges, I.C. 33–10.5–3–1 read in conjunction with I.C. 33–10.5–2–5 ("[t]he judge of the county court has the power to ... do all acts necessary and proper to carry out the provisions of this article"), vests county courts with the same authori-

In *King v. State* (1979) 2d Dist. Ind.App., 397 N.E.2d 1260, we held that an information signed by the special prosecutor who allegedly lacked requisite authority, was not subject to collateral attack.[5] We there stated that a public officer acting under claim or color of right was a *de facto* public official whose acts could only be questioned "by a direct challenge against the individual who purports to hold the office." 397 N.E.2d at 1268. The appropriate remedy is to seek a writ of mandate or prohibition against the prosecutor allegedly acting without proper authority. *See State ex rel. Brumfield v. Perry Circuit Court* (1981) Ind., 426 N.E.2d 692; *State ex rel. Goldsmith, supra,* 386 N.E.2d 942; *State ex rel. Latham v. Spencer Circuit Court* (1963) 244 Ind. 552, 194 N.E.2d 606; *Waldon v. State,* (1985) 4th Dist. Ind.App., 481 N.E.2d 1331; *Bagnell v. State* (1980) 4th Dist. Ind.App., 413 N.E.2d 1072.

As in *King, supra,* the information herein was not subject to the type attack mounted against it, *i.e.,* a motion to dismiss. Smith acted under color of right or authority in prosecuting Crose, and as stated by our Supreme Court, "The public is not to suffer because those discharging the functions of an officer may have a defective title, or no title at all." *Parker v. State ex rel. Powell* (1892) 133 Ind. 178, 200, 32 N.E. 836, 843, *quoted in King v. State, supra,* 397 N.E.2d 1260, 1268.

### III.

Crose next contends that the trial court erred by refusing to enforce the terms of a pre-existing plea agreement. Crose in essence argues that the Howard County Court Special Prosecutor should be required to abide by an agreement entered

ty as circuit and superior courts in those areas of original and concurrent jurisdiction.

5. Although two judges of the three judge panel disagreed with the lead opinion concerning hearsay evidence, a majority of the court agreed with respect to the manner in which an attack may be made upon a special prosecutor's authority.

into between Crose and the Howard Superior Court Special Prosecutor (Muelhausen) on the earlier controlled substance charge.

As earlier stated, Crose was charged with possession of a controlled substance in Howard Superior Court, Cause Number 2457. The Howard Superior Court appointed Special Prosecutor Muelhausen to try Crose on the charge of possession. After negotiations, Muelhausen and Crose agreed that Crose would plead guilty to the charge of possession in exchange for a suspended sentence and dismissal of the unrelated charges then pending before the Howard County Court. This plea agreement was accepted by the Howard Superior Court and Crose thereafter filed a motion to dismiss the charges in Howard County Court. The motion was denied upon grounds that Muelhausen was a special prosecutor appointed to prosecute only the charge of possession in Howard Superior Court and was without authority to make a binding disposition with respect to the charges before Howard County Court.

Crose contends that Muelhausen and Smith were both representing the State of Indiana and, therefore, the promises of one necessarily bind the other. In support of this proposition, Crose cites *Richardson v. State* (1983) 4th Dist. Ind.App., 456 N.E.2d 1063. *Richardson* dealt with I.C. 35–34–1–10(d) which provides that:

"(d) A defendant who has been sentenced on a plea of guilty to one (1) offense may move to dismiss an indictment or information for a related offense. The motion shall be granted if the plea of guilty was entered on the basis of a plea agreement in which the prosecutor agreed to seek or not to oppose dismissal of other related offenses or not to prosecute other potential related offenses."

However, as the State here correctly observes, the offenses involved herein are not "related" because they could not have been joined in the same prosecution. *See* I.C. 35–34–1–10(e). As a condition of joinder, the offenses must be of the same or similar character or be based upon the same conduct or on a series of connected acts or acts constituting parts of a single scheme or plan. I.C. 35–34–1–9(a). *Richardson, supra,* is not controlling in the instant situation.

■ The precise question with which we are confronted has not previously been addressed by an Indiana appellate court. Crose argues that he is entitled to specific performance of the plea agreement. The State asserts that the authority of special prosecutors is limited by I.C. 33–14–1–6(d), to matters concerning a particular case or matter. Thus, the State reasons, a special prosecutor's *ultra vires* promise cannot bind the State under the facts presented.

Indiana Code 33–14–1–6(d) states that: "(d) A person appointed to serve as a special prosecutor has the same powers as the prosecuting attorney of the county. *However, the scope of the special prosecutor's duties shall be limited by the appointing judge to include only the investigation or prosecution of a particular case or particular grand jury investigation.*" (Emphasis supplied)

The statutory language clearly contemplates that a special prosecutor has the same powers as the regular prosecutor only to the extent of the particular investigation or prosecution for which he was appointed. Notwithstanding the limitations upon the authority of a special prosecutor as opposed to a duly elected regular prosecutor, we are here faced with a special prosecutor's promise which though *ultra vires* nevertheless formed part of the inducement for Crose's plea of guilty. The fact that the particular agent in question had limited authority does not detract from the right of a defendant to believe that the promise would be honored by the State or that the judicial system would afford some relief from the effects of a refusal or inability to honor that promise.

■ We fully agree with the proposition that prosecutors are agents of the State and that it is the State, rather than the individual prosecutor, which is bound by a plea agreement. In this context, we

agree with the holdings of *United States v. Carter* (4th Cir.1972) 454 F.2d 426, *cert. denied* 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 and *People v. Wantland* (1979) 78 Ill.App.3d 741, 34 Ill.Dec. 92, 397 N.E.2d 548.[6] However, specific performance of the plea agreement is not necessarily the only or the most appropriate relief in all circumstances.

■ For example, the contemplated benefits of a plea bargain cannot be compelled if such benefits are beyond the court's ability to confer. *Griffin v. State* (1984) Ind., 461 N.E.2d 1123.[7] Likewise, the remedy of specific performance of the agreement is rendered inapplicable if the promise made by the State through its prosecutor is beyond the power of the court to honor. *See Niece v. State* (1983) 2d Dist. Ind.App., 456 N.E.2d 1081, 1087.[8]

In *Santobello v. New York* (1971) 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, cited by Crose, the defendant has pled guilty to a lesser-included offense with a maximum prison sentence of one year, in exchange for the prosecutor's promise to make no recommendation as to the sentence. At the time of sentencing, nearly seven months later, the State was represented by a different prosecutor who, contrary to the earlier agreement, recommended the maximum sentence of one year. Although the sentencing judge stated he was not influenced by the prosecutor's recommendation, the United States Supreme Court vacated the judgment of conviction.

■ In doing so, the Supreme Court stated "that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262, 92 S.Ct. at 499. However, the *Santobello* court did not require specific performance of the plea agreement. The Supreme Court concluded:

"that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration. The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, *i.e.*, the opportunity to withdraw his plea of guilty." (Footnote omitted) 404 U.S. at 262–263, 92 S.Ct. at 499.

While we agree that prosecutors should not be permitted to violate plea agreements with impunity, the circumstances herein do not militate in favor of specific performance.

6. In *Carter, supra,* the Fourth Circuit Court of Appeals determined that specific performance was the only appropriate remedy, where the plea agreement was concluded in one federal district and allegedly breached in another. Whether *Carter* is particularly applicable solely within the federal sphere is a question we need not here address. The *Carter* opinion was prepared shortly before *Santobello v. New York* (1971) 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, which held that it is for the state courts to determine the circumstances pursuant to which a defendant will be entitled to specific performance of a state prosecutor's promise. In *Wantland, supra,* the Illinois Appellate Court held that the promise of one state's attorney was the promise of the State and would be judicially enforced as such. The *Wantland* court's deter-

mination to enforce the state prosecutor's promise merely constituted a legitimate exercise of that court's discretion in accordance with the holding of the *Santobello* court. We are not persuaded by that court's conclusion as we decide that the circumstances herein do not warrant enforcement of the plea agreement.

7. The Supreme Court held that despite an agreement by the State to recommend incarceration in a non-contiguous state, the trial court was without authority to dictate the situs of incarceration.

8. The accepted plea agreement called for a suspended sentence despite a statute which precluded a suspended sentence.

■ Indiana Code 35–35–1–4(c)(4) provides that withdrawal of a guilty plea shall be permitted to correct a manifest injustice whenever the prosecuting attorney fails to abide by the terms of a plea agreement. *See Gross v. State* (1975) 3d Dist. 167 Ind. App. 318, 322, 338 N.E.2d 663, 665, (it is within the state court's discretion "to either specifically enforce the prosecution's part of the plea bargain or allow withdrawal of defendant's guilty plea."). *Cf. Bullock v. State* (1979) 2d Dist. Ind.App., 397 N.E.2d 310. Muelhausen's inability to secure the promised dismissal of the Howard County Court charges renders suspect Crose's plea of guilty to the controlled substance charge.

The record reflects that Special Prosecutor Muelhausen wrote to Crose's counsel and offered to move that the Howard Superior Court permit withdrawal of Crose's guilty plea pursuant to the agreement. Crose has apparently not acted upon this offer, choosing instead to rest upon the merits of this appeal. Under these particular circumstances, we hold that Crose would have been entitled to withdraw his guilty plea to the controlled substance charge, but was not entitled to specific performance of the plea agreement. Thus, the trial court did not err by refusing to enforce the plea agreement.

### IV.

Crose finally contends that the trial court erred by receiving evidence on the enhancement, Count I–A, prior to pronouncing judgment on the underlying charge, Count I. Crose argues that because the error is "jurisdictional", it may be raised for the first time on appeal as fundamental error. Aside from general allegations that this error was "jurisdictional" and "fundamental", Crose does not otherwise demonstrate that the claimed error so affected "the trial as to remove from the proceedings its essential cloak of fairness." *Winston v. State* (1975) 2d Dist. 165 Ind.App. 369, 332 N.E.2d 229.

■ In *Winston*, cited by Crose, we discussed the character of error which will be considered fundamental. 332 N.E.2d at 231–234. Error is fundamental if it denies the defendant fundamental due process and is "so prejudicial to the rights of the Appellant that he could not have had a fair trial." 332 N.E.2d at 231 *quoting Grier v. State* (1968) 251 Ind. 214, 216–217, 240 N.E.2d 494, 496. We held in *Winston* that any error in the failure to exclude testimony concerning the contents of a package, itself excluded upon fourth amendment grounds, was not fundamental and, therefore, would not justify dispensing with the requirement that claimed error be preserved for appeal by timely, specific objection.

■ In any event, Crose's alleged error is no error at all. Crose urges that we extend the rationale of *Sweet v. State* (1982) Ind., 439 N.E.2d 1144, to cases like the present wherein the defendant faces an enhanced charge by reason of a prior conviction. In *Sweet*, our Supreme Court stated that:

"a bifurcated trial is required 'as it is the best procedure' to insure that the jury remains uninformed about a defendant's prior convictions until the appropriate time. The determination of whether or not a ... charge should be aggravated ... must be made only if and after a conviction is rendered on the foundation charge." 439 N.E.2d at 1147.

We agree that it would be better practice for the trial judge to pronounce judgment on the underlying charge prior to proceeding on the enhancement. However, *Sweet, supra*, is inapplicable to the facts of this case. *Sweet* was a trial to the jury. In a case tried by a jury, the jury must make its determination of guilt or innocence based only upon the circumstances surrounding the charged offense and free from the knowledge of the defendant's prior convictions. 439 N.E.2d at 1147. Crose's trial was to the court. Absent a showing to the contrary, the trial judge is presumed to be capable of rendering his judgment free from improper considerations. *See Pinkston v. State* (1982) Ind., 436 N.E.2d 306. Crose does not allege that the judgment was tainted by the trial judge's knowledge

of Crose's prior conviction, and does not allege that the trial judge failed to find Crose guilty of the offense of driving while intoxicated. Instead, Crose's claimed error lies in the mere fact that the trial judge failed to state that she found Crose guilty of driving while intoxicated prior to receiving evidence of Crose's prior conviction. Crose had not shown how he was prejudiced by this chronology nor in what manner the "error" rises to the level of fundamental error.

Crose's conviction of driving while intoxicated as a class D felony is affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.