**Bruce JONES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 20A04–0808–CR–462.

Court of Appeals of Indiana.

Feb. 27, 2009.

Peter D. Todd, Elkhart, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez, II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Bruce Jones appeals the denial of his motion for the reappointment of a special prosecutor. We reverse and remand.

### Issue

The sole issue is whether the trial court properly denied Jones's request for the reappointment of a special prosecutor.

### Facts

The record in this case is not clear.[1] It appears that on October 23, 2006, the

---

1. We pause to note that the appendix Jones filed with this court is unacceptable. Indiana Appellate Rule 50(B)(1) requires an appendix in a criminal appeal to contain a table of contents. Three of the four volumes of appendix submitted to us contained no useful

State charged Jones with Class D felony theft and alleged that he is an habitual offender. On November 16, 2006, the State filed an amended information additionally charging Jones with Class C felony forgery and Class D felony impersonating a public servant. On December 6, 2006, the State filed two new, additional, and separate informations charging Jones with Class D felony theft and Class D felony conspiracy to commit theft.

The alleged facts underlying these charges are that Jones would telephone the local chapter of the American Red Cross and represent that he was Curtis Hill, the elected prosecutor of Elkhart County. Jones, acting as Hill, would claim that he was calling on behalf of persons who had been the victim of disasters, such as Hurricane Katrina or fires, and then seek to obtain disaster relief funds from the Red Cross. It appears Jones allegedly had been successful in obtaining disaster relief funds on at least two occasions by using this modus operandi, but was caught on his third attempt to do so. Prosecutor Hill told the media when the first charges were filed against Jones, "I find it deeply troubling that the individual businesses and organizations in this community have been victimized by someone so audacious as to allegedly use my name and reputation to perpetuate this fraud." App. vol. I p. 30.

On December 5, 2006, and December 13, 2006, the State, i.e. Hill through one of his deputies, filed motions requesting the appointment of a special prosecutor, stating such an appointment was necessary to "avoid the appearance of impropriety." *Id.* at 6. On December 18, 2006, the trial

court appointed a special prosecutor from Kosciusko County, Steven Hearn. The filings and orders regarding the special prosecutor appear under the cause number for the forgery and impersonating a public servant case and not the two separate theft cases. However, Hearn's oath and acceptance as special prosecutor stated that he would "investigate, prosecute, and/or take any other action deemed necessary relative to *any criminal act* that may have been committed by Bruce B. Jones, a/k/a/ Charles Fields...." *Id.* at 7. (emphasis added). Furthermore, there is an entry in the CCS for the theft cases stating, "it was understood by the parties and the Court that the Special Prosecutor was appointed in these cases when the Special Prosecutor was appointed" in the forgery and impersonating a public servant case. App. vol. III p. 7.

On January 2, 2007, a deputy prosecutor from the Elkhart County Prosecutor's Office filed an amended information in the forgery case. On February 7, 2007, that same deputy prosecutor filed a motion to dismiss the impersonating a public servant charge, which was granted. On February 23, 2007, the trial court granted Hearn permission to withdraw his appearance on the basis that the dismissal of the impersonating a public servant charge made his appointment no longer necessary. On that same date, Jones, who was acting pro se at the time, requested appointment of a new special prosecutor, which request the trial court denied.

On February 6, 2008, Jones, now represented by counsel, moved for the reappointment of a special prosecutor. The

table of contents; they simply state that the clerks record begins on page one and the appendix verification is on the last page, with no indication of where various documents within the clerks record are located. The failure to provide a detailed table of contents

has impeded our review of this case by making it difficult to find various relevant documents. There also appears to be much unnecessary duplication of documents between the four appendix volumes.

trial court held a hearing on the matter on May 23, 2008, and denied the motion on June 6, 2008. The trial court certified this ruling for interlocutory appeal and we have accepted jurisdiction over it.

### Analysis

■ The appointment of special prosecutors is governed by Indiana Code Section 33–39–1–6, which provides in part:

(b) A circuit or superior court judge:

\* \* \* \* \* \*

(3) may appoint a special prosecutor if:

(A) the prosecuting attorney files a petition requesting the court to appoint a special prosecutor; and

(B) the court finds that the appointment is necessary to avoid the appearance of impropriety;

\* \* \* \* \* \*

(5) shall appoint a special prosecutor if:

(A) a previously appointed special prosecutor:

(i) files a motion to withdraw as special prosecutor; or

(ii) has become incapable of continuing to represent the interests of the state; and

(B) the court finds that the facts that established the basis for the initial appointment of a special prosecutor still exist.

■ As a general rule, appointment of a special prosecutor may be required if the elected prosecutor will be a witness in the case, or if the elected prosecutor has a special interest in the outcome of the case. *See State ex rel. Goldsmith v. Superior Court of Hancock County,* 270 Ind. 487, 491, 386 N.E.2d 942, 945 (1979). "The public trust in the integrity of the judicial process requires us to resolve any serious doubt in favor of disqualification." *State v. Tippecanoe County Court,* 432 N.E.2d 1377, 1379 (Ind.1982). When an elected prosecutor seeks the appointment of a special prosecutor for a particular action and such appointment takes place, the elected prosecutor is disqualified from any further participation in that action. *See Rhodes v. Miller,* 437 N.E.2d 978, 980 (Ind.1982); *State v. Hardy,* 406 N.E.2d 313, 316 (Ind. Ct.App.1980). Furthermore, if an elected prosecutor (as opposed to a deputy prosecutor) is disqualified from a case and special prosecutor is appointed, the elected prosecutor's "entire staff of deputies must be recused in order to maintain the integrity of the process of criminal justice." *Goldsmith,* 270 Ind. at 491, 386 N.E.2d at 945.

Here, Hill as the elected prosecutor of Elkhart County requested the appointment of a special prosecutor for the express purpose of "avoiding the appearance of impropriety." App. vol. I p. 6. This was a sound request. Hill has an interest in the outcome of these cases that goes beyond the ordinary call of duty. Jones's alleged modus operandi in committing theft and forgery against the Red Cross was impersonating Hill and capitalizing upon Hill's reputation. In a sense, Hill, or his reputation, is an alleged victim in this case. As Hill himself told the news media, "I find it deeply troubling that the individual businesses and organizations in this community have been victimized by someone so audacious as to allegedly use my name and reputation to perpetuate this fraud...." *Id.* at 30. It reasonably could appear to a member of the public that Hill would be motivated to treat Jones more harshly than an "ordinary" theft or forgery suspect, even if Hill would not actually do so.

Nothing in the record before us demonstrates that the appointment of the special prosecutor was predicated wholly upon the

impersonation of a public servant charge. Instead, the filings in this case indicate that the special prosecutor was requested and appointed for the general purpose of avoiding the appearance of impropriety in Jones's prosecution not only for that charge, but also for the forgery charge under the same cause number and the two theft charges under separate cause numbers. The trial court acknowledged on the record that the appointment of the special prosecutor applied to those cases. Thus, the dismissal of the impersonation of a public servant charge did not, by itself, obviate the need for a special prosecutor.

██ In any event, the filing of an amended charging information and dismissal of the impersonation charge by Hill's deputy, after the special prosecutor had been appointed, was improper. *See Goldsmith,* 270 Ind. at 491, 386 N.E.2d at 945. Given that the dismissal of the impersonation charge led to the resignation of the special prosecutor and the trial court's refusal to appoint another special prosecutor, this action allowed Hill to regain control over the case, even though the facts underlying the remaining charges remained precisely the same as before.

We must resolve any doubts in this case in favor of disqualification. *See Tippecanoe County Court,* 432 N.E.2d at 1379. We also, as a general rule, prefer to place substance over form in our rulings. *Williams v. State,* 892 N.E.2d 666, 670 (Ind.Ct.App.2008), *trans. denied.* That being the case, we conclude that the original basis for appointing a special prosecutor—to avoid the appearance of impropriety—still existed, even after the dismissal of the impersonation of a public servant charge. The dismissal changed the form of the case against Jones, but the substance was largely unchanged. The trial court erred in not appointing another special prosecutor or, alternatively, permitting the ap-

pointed the special prosecutor to withdraw his appearance.

### Conclusion

The trial court erred in declining to reappoint a special prosecutor. We reverse and remand for the appointment of a special prosecutor in the forgery and theft cases against Jones.

Reversed and remanded.

BAILEY, J., and MATHIAS, J., concur.