FILED

Jul 29 2020, 10:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General

Angela N. Sanchez
Assistant Section Chief,
 Criminal Appeals
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Michael C. Cunningham
Judson G. McMillin
Mullin, McMillin &
 McMillin, LLP
Brookville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Tammy R. Herrmann,

*Appellee-Defendant*

July 29, 2020

Court of Appeals Case No.
20A-CR-307

Appeal from the
Franklin Circuit Court

The Honorable
Clay M. Kellerman, Judge

Trial Court Cause No.
24C02-1812-F5-1262

**Vaidik, Judge.**

# Case Summary

[1] After Tammy R. Herrmann was indicted by a Franklin County grand jury for theft and forgery, she filed a petition to appoint a special prosecutor, alleging

that one of the three deputy prosecutors in the Franklin County Prosecutor's Office had a conflict of interest and therefore the whole office should be disqualified. The trial court granted the petition and appointed a special prosecutor. The State now appeals.

It is well settled that if the elected prosecutor has a conflict of interest, the whole office is disqualified. However, it is not necessary to disqualify the whole office if one deputy has a conflict of interest. Here, it is not necessary to disqualify the whole office, since the deputy prosecutor who has the conflict is a part-time deputy who primarily handles child-support matters and has had no involvement in the criminal case against Herrmann. We therefore reverse the trial court.

# Facts and Procedural History

The Franklin County Prosecutor's Office consists of the elected prosecutor and three deputy prosecutors. Eugene Stewart is a part-time deputy prosecutor who also maintains a private practice. Although Stewart primarily handles child-support matters, *see* Tr. p. 8, his appearance has been entered in criminal cases too.[1]

---

[1] In a separate order issued today, we grant Herrmann's motion to take judicial notice that Stewart's appearance has been entered in criminal cases.

[4] In 2018, Stewart represented the Estate of Evelyn Anthony. *See* Case No. 24C01-1808-EU-559. At some point, Maria Hensley, Evelyn's niece and the personal representative of the Estate, told Stewart she was concerned about several checks written from Evelyn's account. Either Stewart or Maria contacted the prosecutor's office, and an investigation ensued.

[5] In December 2018, a grand jury indicted Herrmann, a home healthcare worker, for Level 5 felony theft and Level 6 felony forgery, alleging that she stole over $50,000 from Evelyn's account between 2012 and 2018. Stewart has had no involvement with the criminal case against Herrmann. *Id.* at 8, 17.

[6] About a year later, in November 2019, Herrmann filed a petition to appoint a special prosecutor under Indiana Code section 33-39-10-2(b)(2). Specifically, she alleged that the Franklin County Prosecutor's Office had an "actual conflict of interest" because of Stewart's representation of the Estate. Appellant's App. Vol. II p. 33. Following a hearing, the trial court granted Herrmann's petition and appointed the Dearborn County Prosecutor as special prosecutor. Specifically, the court found that "clear and convincing evidence has been presented establishing that the Franklin County Prosecutor's Office has an actual conflict of interest[.]" Appellant's App. Vol. II p. 45.

[7] The State now brings this interlocutory appeal.

# Discussion and Decision

[8] The State appeals the trial court's grant of Herrmann's petition to appoint a special prosecutor. We review a trial court's grant or denial of such a petition for an abuse of discretion. *Camm v. State,* 957 N.E.2d 205, 209 (Ind. Ct. App. 2011), *trans. denied.*

[9] The appointment of a special prosecutor is governed by Indiana Code section 33-39-10-2, which provides, in relevant part, that a trial court may appoint a special prosecutor if:

> (A) a person files a verified petition requesting the appointment of a special prosecutor; and
>
> (B) the court, after:
>
> > (i) notice is given to the prosecuting attorney; and
> >
> > (ii) an evidentiary hearing is conducted at which the prosecuting attorney is given an opportunity to be heard;
>
> finds by clear and convincing evidence that the appointment is necessary to avoid an actual conflict of interest . . . .

Ind. Code § 33-39-10-2(b)(2). The petitioner must produce evidence of an actual conflict of interest. *Larkin v. State*, 43 N.E.3d 1281, 1285 (Ind. Ct. App. 2015); *Camm*, 957 N.E.2d at 210. The purpose of the special-prosecutor statute is to protect the State's interest in preserving the public confidence in the criminal-justice system and ensuring that the prosecutor serves the ends of justice. *Camm,*

957 N.E.2d at 210. "The public trust in the integrity of the judicial process requires that any serious doubt be resolved in favor of disqualification." *Williams v. State*, 631 N.E.2d 485, 487 (Ind. 1994), *reh'g denied*.

[10] Here, Herrmann requests that the entire Franklin County Prosecutor's Office be disqualified based on Stewart's conflict of interest. It is well settled that once the elected prosecutor is disqualified, the whole office is disqualified "in order to maintain the integrity of the process of criminal justice." *State ex rel. Goldsmith v. Superior Court of Hancock Cnty.*, 270 Ind. 487, 491, 386 N.E.2d 942, 945 (1979); *see also Larkin*, 43 N.E.3d at 1285; *Banton v. State*, 475 N.E.2d 1160, 1164 (Ind. Ct. App. 1985). The whole office is disqualified because the "prosecuting attorney exercises authority over and speaks through his deputies." *Goldsmith*, 270 Ind. at 491, 386 N.E.2d at 945.

[11] However, it is not necessary to disqualify the whole office when one deputy prosecutor has a conflict of interest. *Williams*, 631 N.E.2d at 487; *see also Page v. State*, 689 N.E.2d 707, 709 (Ind. 1997). This is because the conflict of one deputy generally does not affect the other deputies in the office. *Goldsmith*, 270 Ind. at 490, 386 N.E.2d at 945; *Larkin*, 43 N.E.3d at 1286; *see also Johnson v. State*, 693 N.E.2d 941, 953 (Ind. 1998) (noting that "the principal holding in *State ex rel. Goldsmith* was that the disqualification of an individual deputy prosecutor did not mandate the disqualification of the prosecutor or the rest of the prosecutor's office"), *reh'g denied*; *Swallow v. State*, 19 N.E.3d 396, 400 (Ind. Ct. App. 2014) (the fact that the deputy prosecutor previously represented the defendant did not require the recusal of the entire prosecutor's office since that

deputy did not work on the defendant's case), *trans. denied*. Indiana's approach to the disqualification of prosecuting attorneys due to a conflict of interest has primarily been a "top-down" approach, whereby an elected prosecutor's conflict is imputed to the deputies, but not vice-versa.

[12] Herrmann acknowledges this rule but claims that Stewart's conflict of interest requires the disqualification of the whole office given its small size. Herrmann, however, cites no cases where the conflict of one deputy prosecutor required the whole office to be disqualified. In any event, the State argues that the size of the office does not matter here since Stewart primarily handles child-support matters, and he has not worked on the criminal case against Herrmann. We agree with the State. Although Stewart has a conflict of interest given his involvement in the Estate case, it does not require the whole office to be disqualified.[2] We therefore reverse the trial court's order appointing a special prosecutor and remand this case to the trial court for further proceedings.

[13] Reversed and remanded.

Baker, J., and Bailey, J., concur.

---

[2] Herrmann claims that Stewart has a financial interest in the outcome of this case, as he stands to gain more attorney's fees in the Estate case if she is convicted and ordered to pay restitution to the Estate. At the hearing, Stewart testified that he was paid a flat fee in the Estate case, that his fee had been paid, that his involvement in the Estate case was over, and that if Herrmann was ordered to pay restitution to the Estate he would not get any of it and it would go straight to the beneficiaries. Tr. p. 7. The record does not support Herrmann's claim that Stewart has a financial interest in the outcome of this case.