ATTORNEY FOR RELATOR
Jacob Dunnuck
Muncie, IN

ATTORNEYS FOR RESPONDING PARTY
Gregory F. Zoeller
Attorney General of Indiana

Cynthia Ploughe
Deputy Attorney General
Indianapolis, IN

J.A. Cummins
Special Prosecutor
Selma, IN



# In the
# Indiana Supreme Court

No. 18S00-0909-OR-411

STATE OF INDIANA EX REL. ADRIAN D. KIRTZ          *Relator,*

v.

THE DELAWARE CIRCUIT COURT NO. 5 AND
THE HON. THOMAS A. CANNON, JR., AS JUDGE THEREOF          *Respondents.*

Original Action

**November 13, 2009**

**Per Curiam.**

On October 16, 2009, this Court granted the Relator, Adrian D. Kirtz, relief by issuing a permanent writ of mandamus and prohibition requiring the Respondents, the Delaware Circuit Court No. 5 and the Honorable Thomas A. Cannon, Jr., the judge thereof, to vacate the order appointing J. A. Cummins as special prosecutor in the criminal case pending below against Kirtz and to appoint a different person to serve as special prosecutor pursuant to Indiana Code Section 33-39-1-6. The writ noted that the scheduled trial date was approaching and this Court was tak-

ing under advisement whether to issue later an order or opinion explaining the reasons for granting the writ. This opinion states those reasons.

## Background

In January 2007, the State charged Kirtz with two counts of dealing in cocaine, a Class A felony, and one count of possession of cocaine, a Class C felony. Kirtz entered a plea of not guilty. In March 2009, a Delaware County deputy prosecutor signed and filed a request for appointment of a special prosecutor. On April 1, 2009, the Delaware County Prosecutor signed and filed an amended motion for appointment of a special prosecutor. The amended motion alleged that Kirtz "has been a cooperating witness in several cases both pending and closed in both state and federal court" and that a special prosecutor should be appointed "due to the nature of those investigations and the substance of [Kirtz's] testimony, in order to avoid any appearance of impropriety[.]" (R. 184.) That same day, the trial court granted the State's amended request, without a hearing, and appointed Cummins, a former chief deputy prosecutor in Delaware County, as special prosecutor for the case against Kirtz. Kirtz promptly objected to Cummins's appointment. Following an evidentiary hearing and arguments on Kirtz's objection, the court overruled Kirtz's objection.

Kirtz filed this original action seeking a writ requiring the trial court to vacate its appointment of Cummins and to appoint another person to serve as special prosecutor. Cummins and the Attorney General of Indiana each filed a brief opposing issuance of the writ. After considering Kirtz's petition and other application papers and the opposing briefs, we granted the writ.

## Discussion

To serve the ends of justice and preserve public confidence in the criminal justice system, it sometimes becomes necessary for a trial court to appoint a special prosecutor. The statute authorizing appointment of a special prosecutor provides, as relevant to this case, that a circuit or superior court judge "may appoint a special prosecutor if: (A) the prosecuting attorney files a petition requesting the court to appoint a special prosecutor; and (B) the court finds that the appointment is necessary to avoid the appearance of impropriety[.]" Ind. Code § 33-39-1-6(b)(3).

2

A person appointed to serve as a special prosecutor has the same powers as the regular prosecutor, though the special prosecutor's duties are limited to include only the investigation or prosecution of a particular case or particular grand jury investigation. Ind. Code § 33-39-1-6(e).

Those who may be appointed as special prosecutor are a prosecuting attorney or deputy prosecuting attorney in a county other than the county in which the person is to serve as special prosecutor, or a senior prosecuting attorney. Ind. Code § 33-39-1-6(c). A "senior prosecuting attorney" is a person who was employed for at least eight years as a prosecutor or chief deputy prosecutor and files an affidavit requesting designation as a senior prosecuting attorney in the circuit court and each superior court in a county in which the person is willing to serve as a senior prosecuting attorney. Ind. Code § 33-39-1-1(a). A senior prosecuting attorney may be appointed special prosecutor in a county where he or she previously served if the court finds that the appointment will not create the appearance of impropriety. Ind. Code § 33-39-1-6(d).

Kirtz challenged Cummins's appointment as special prosecutor on the grounds that Cummins is a senior prosecutor and that his appointment as special prosecutor created an appearance of impropriety and therefore violated Indiana Code Section 33-39-1-6(d). Specifically, Kirtz argued an appearance of impropriety arose because of Cummins's prior employment with the Delaware County Prosecutor's office and his relationship with attorney Michael Alexander, the man against whom Kirtz recently had testified in a different criminal case.

We agree with the trial court that Cummins's prior employment in the Delaware County Prosecutor's office does not create an appearance of impropriety. The evidence presented in this original action shows that Cummins served as chief deputy prosecutor in Delaware County from January 1, 1991, through December 31, 2006. The evidence also showed that Cummins left that office before the pending criminal charges against Kirtz were filed and that Cummins had no actual knowledge or involvement in the investigation of Kirtz's case.

The circumstances surrounding Cummins's relationship with Alexander, however, do create an appearance of impropriety precluding Cummins from serving as special prosecutor. The evidence shows that for nearly thirty years, Cummins has been Alexander's brother-in-law

3

by marriage; that is, Cummins's wife is the sister of Alexander's wife. In February 2008, the State charged Alexander with conspiracy to commit bribery. When Alexander was tried during the second week of March 2009, Kirtz, a former client of Alexander's, was one of the State's material witnesses against Alexander. Kirtz testified, in effect, that Alexander and an investigator in Alexander's law office agreed to pay Kirtz money and make certain arrangements for Kirtz in exchange for Kirtz and his relatives changing their statements in an investigation of another client's case. Cummins attended several days of Alexander's trial and was present when Kirtz testified against Alexander. Alexander was found not guilty. Just a few weeks later, Cummins was appointed to prosecute Kirtz.

The trial court concluded that despite the family relationship between Cummins and Alexander, the appointment of Cummins did not create an appearance of impropriety. Its factual findings downplay the relationship between Cummins and Alexander, noting that many members of the Delaware County bar attended Alexander's trial and that Cummins and Alexander have often squared off against each other on opposite sides of cases and their courtroom encounters have been contentious.

However, uncontested evidence showed also that Cummins took a particular interest in the case against Alexander and was generally supportive of Alexander, not hostile or indifferent. Cummins testified that when he learned of the investigation against Alexander in September 2007, Cummins told an investigator in the Prosecutor's office to "be careful with this investigation" and that he did not think Alexander would be involved in bribing witnesses. (R. 49-51.) Cummins testified he likewise told a Delaware County deputy prosecutor a few months later to "be careful with" Alexander's investigation and that what Alexander was being investigated for, bribery or obstruction of justice, did not "fit with" Cummins's impression of Alexander. (R. 52.) That same deputy prosecutor testified, without contradiction, about a conversation with Cummins in 2008 when Cummins stated the deputy prosecutor had "hurt a lot of people" by referring the Alexander investigation to the FBI. (R. 38.)

Cummins admitted that after Alexander was arrested and charged, Cummins called the court where the charge was filed, asked court staff to fax him a copy of the probable cause affi-

4

davit, and soon received the faxed affidavit. Although Special Prosecutor James Luttrull, Jr., had been appointed to prosecute Alexander's case, the deputy prosecutor testified that Cummins called the deputy prosecutor, saying that he (Cummins) read that probable cause affidavit and "did not see where Mr. Michael Alexander had committed a crime" (R. 37); Cummins testified that although he did not remember that conversation, "it sounds like something I could have done[.]" (R. 53.) Finally, when asked about his attendance at Alexander's trial, Cummins explained,

> I was there for the purpose of supporting all my family. Not just Mr. Alexander, but all of them and my niece was there and my, her husband was there, my nephew, Mr. Alexander's children when I say niece and nephew.
>
> * * * *
>
> I was there to support my brother-in-law and my other family members on my wife's side of the family.

(R. 54, 60.)

In sum, the evidence shows that Cummins was appointed to prosecute Kirtz just a few weeks after Kirtz testified against Cummins's brother-in-law in a felony case in which Cummins had expressed interest and some support for his brother-in-law and other members of their family. The issue here is not whether Cummins has a grudge against Kirtz or some other motivation to prosecute him more harshly; nor is the issue whether Cummins can set aside any personal feelings or interests he may have, fairly prosecute Kirtz, and effectively represent the State. The issue is one of appearance: whether Cummins's appointment created the *appearance* of impropriety. *See* Ind. Code § 33-39-1-6(d). The appointment created the appearance of impropriety because the totality of circumstances allowed an objective observer reasonably to question whether Cummins's familial relationship with Alexander and Kirtz's role in the case against Alexander would affect the prosecution of Kirtz, including Cummins's exercise of broad discretion in that prosecution. *See* <u>Jones v. State</u>, 901 N.E.2d 655, 658 (Ind. Ct. App. 2009) (noting elected prosecutor properly sought appointment of special prosecutor to avoid appearance of impropriety where defendant had impersonated prosecutor and "[i]t reasonably could appear to a member of

5

the public that [prosecutor] would be motivated to treat [defendant] more harshly than an 'ordinary' theft or forgery suspect, even if [prosecutor] would not actually do so").

At a minimum, the circumstances cast serious doubt about the propriety of Cummins's appointment.  Public trust in the integrity of the judicial process requires us to resolve serious doubt in favor of a prosecutor's disqualification.  State v. Romero, 578 N.E.2d 673, 676 (Ind. 1991); State ex rel. Meyers v. Tippecanoe County Court, 432 N.E.2d 1377, 1379 (Ind. 1982). We ascribe no improper motive to the trial court or to Cummins, but "'sometimes an attorney, guiltless in any actual sense, nevertheless is required to stand aside for the sake of public confidence in the probity of the administration of justice.'"  Romero, 578 N.E.2d at 676-77 (quoting State v. Rizzo, 69 N.J. 28, 30, 350 A.2d 225, 226 (1975)).

For the foregoing reasons, the Court granted the writ of mandamus and prohibition.

Shepard, C.J., and Dickson, Sullivan, Boehm, and Rucker, JJ., concur.