

FILED

Sep 30 2015, 10:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Marce Gonzalez, Jr.
Dyer, Indiana

James E. Foster
James E. Foster, PC
Hammond Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Larkin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 30. 2015

Court of Appeals Cause No.
46A05-1411-CR-550

Appeal from the LaPorte Superior
Court

The Honorable Michael S.
Bergerson, Judge
The Honorable Kathleen B. Lang,
Judge

Trial Court Cause No.
46D01-1212-FA-610

**Barnes, Judge.**

## Case Summary

[1]     In this interlocutory appeal, John Larkin appeals the denial of his motion to
disqualify the LaPorte County Prosecutor's Office.  We dismiss.

## Issue

Larkin raises one issue, which we restate as whether the trial court properly denied his petition to disqualify the LaPorte County Prosecutor's Office with respect to his pending voluntary manslaughter charge.

## Facts

On December 11, 2012, police were dispatched to Larkin's residence following a report of a shooting. When an officer arrived, he found Larkin's wife, Stacy, deceased in the closet. An autopsy later determined that she died from two gunshot wounds. At the police station, Larkin agreed to talk to investigators if he was charged with voluntary manslaughter in lieu of murder. Larkin, his attorneys, an investigator, LaPorte County Prosecutor Bob Szilagyi, and Chief Deputy Prosecutor Robert Neary were present during the interview, which was videotaped. During a break in the interview, Larkin had a conversation with his attorneys. However, the recording equipment was not turned off during the break, and Larkin's conversation with his attorneys was recorded.

Within a week or so, the investigator watched the interview video. The investigator or someone in his department also gave a copy of the video to Neary. The investigator did not alert Neary that Larkin's conversation with his attorney was on the video. At some point, Neary made arrangements for court reporter Jami Arnold to transcribe the video. As she was doing so, she discovered Larkin's conversation with his attorneys, stopped transcribing, and contacted Neary. Neary advised Arnold not to transcribe that portion of the

video. Arnold transcribed the other portions of the video and returned the video and transcript to Neary.

[5] At the end of January 2013, Neary was preparing for trial and viewed the video, including the discussion between Larkin and his attorney. During discovery, the State sent Larkin's counsel a copy of the video. In July 2014, Larkin filed a motion to dismiss the voluntary manslaughter charge. Larkin argued that the videotaping of his conversation with his attorney violated his Sixth Amendment right to effective assistance of counsel. On July 31, 2014, Neary and Deputy Prosecuting Attorney Kristina Armstrong filed the State's response to Larkin's motion to dismiss. The State argued that no new subjects were discussed during Larkin's conversation with his attorneys and that no evidence was disclosed or derived as a result of the conversation. Consequently, the State argued that Larkin was not prejudiced by the alleged Sixth Amendment violation. The State attached a transcript of the conversation to its response. At a hearing on Larkin's motion to dismiss, Neary stated that Szilagyi, Armstrong, an intern, and Neary had "all viewed the tape." Tr. p. 155. The trial court ordered the Prosecutor's Office to submit affidavits from any person that viewed the video or read the transcript and detail when they first did so.

[6] Neary submitted an affidavit and stated that he viewed the video of the conversation between Larkin and his attorney at the end of January 2013. Neary stated that "After consulting with prosecutors in the office, I am the only Prosecutor who viewed this portion of the tape with conversation between the Defendant and [his attorney] and/or the transcript of his conversation." App.

p. 562. The intern also submitted an affidavit and stated that, in August 2014, he read a portion of the transcript of the conversation between Larkin and his counsel. Szilagyi submitted an affidavit and stated that he had "not viewed any portion of the videotape or read any portion of the transcript where a discussion took place between [Larkin] and [his attorney]." *Id.* at 670. Armstrong also submitted an affidavit and denied having "viewed any portion of the videotape or read any portion of the transcript where a discussion took place between [Larkin] and [his attorney]." *Id.* at 664.

[7] In September 2014, Larkin filed a motion to disqualify the LaPorte County Prosecutor's Office from prosecuting the case against him. Larkin pointed out the discrepancy between Armstrong's affidavit and the July 31st filing that she and Neary submitted to the trial court. Larkin requested that a special prosecutor be appointed.

[8] In October 2014, the trial court suppressed the conversation between Larkin and his attorneys, but not the remainder of the interview.[1] The trial court denied Larkin's motion to dismiss, finding no prejudice from the recording of the conversation between Larkin and his attorney. The trial court also denied Larkin's motion to disqualify the LaPorte County Prosecutor's Office as follows:

---

[1] The trial court also suppressed statements made by Larkin on December 11, 2012, because of a separate Fifth Amendment violation.

Defendant points to the fact that CDPA Neary originally informed the Court that four people from the Prosecutor's Office . . . viewed the tape or read the transcript of the conversation in question. There was some confusion if affidavits had to be filed from persons who did not view the tape or read the transcript. Although not all affidavits were filed in a timely manner, all four are now of record.

Defendant also relies on the fact that on July 31, 2014, the State filed with the Court a Motion and Memorandum in Opposition to the Motion to Dismiss. This filing included a transcript of the recorded conversation between Defendant and his attorneys at the LaPorte County Sheriff's Department. The Motion and memorandum was filed under the signatures of CDPA Neary, and Deputy Prosecuting Attorney Kristina Armstrong. Defendant points out that Deputy Prosecuting Attorney Kristina Armstrong averred in her affidavit that she had not viewed the tape or read the transcript. Although a question arises from this dichotomy as in the Motion to Dismiss, Deputy Prosecuting Attorney Kristina Armstrong filed her affidavit as an Officer of the Court. The Court will take her affidavit as the best source to resolve any conflicts.

It is true in this case that the Prosecutors have had access, listened to, and read transcripts of a conversation between Defendant and his attorneys. As noted in this Court's Order denying Defendant's Motion to Dismiss, this was an intrusion into the attorney-client relationship between Defendant and his attorneys. The Court cannot condone this action. However, as the Court also noted in the Order, this conversation did not prejudice Defendant to the extent that charges must be dismissed. Although the actions of law enforcement and the Prosecutor's Office were careless, none of the aggrieved behaviors were intentional. The disclosure of the conversation that Defendant had with his attorneys on December 13, 2012, did not give Prosecutors information that they could not have obtained from

another source or that was not a disclosure of well-known legal principles. Additionally, the actual conversation between Defendant and his attorneys is suppressed and therefore cannot be used against Defendant at trial.

*Id.* at 819-21.

[9] At Larkin's request, the trial court certified the denial of Larkin's motion to disqualify the LaPorte County Prosecutor's Office for interlocutory appeal and stayed the proceedings. The trial court declined to certify the other orders for interlocutory appeal. We accepted jurisdiction over this interlocutory appeal pursuant to Indiana Appellate Rule 14(B).

## Analysis

[10] Larkin appeals the trial court's denial of his motion for the disqualification of the LaPorte County Prosecutor's Office and for the appointment of a special prosecutor. We will review a trial court's denial of a petition for special prosecutor for an abuse of discretion. *Camm v. State*, 957 N.E.2d 205, 209 (Ind. Ct. App. 2011), *trans. denied*. "An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* An abuse of discretion also occurs when the trial court misinterprets the law. *Id.*

The appointment of a special prosecutor in Indiana is governed by Indiana Code Section 33-39-10-2 (formerly Indiana Code Section 33-39-1-6[2]). Indiana Code Section 33-39-10-2(b)(2) provides, in relevant part, that a trial court may appoint a special prosecutor if:

> (A)   a person files a verified petition requesting the appointment of a special prosecutor; and
>
> (B)   the court, after:
>
> > (i)   notice is given to the prosecuting attorney; and
> >
> > (ii)   an evidentiary hearing is conducted at which the prosecuting attorney is given an opportunity to be heard;
>
> finds by clear and convincing evidence that the appointment is necessary to avoid an actual conflict of interest or there is probable cause to believe that the prosecuting attorney has committed a crime[.]

The petitioner has the burden of producing evidence in support of the motion. *Camm*, 957 N.E.2d at 210 (citing *Kubsch v. State*, 866 N.E.2d 726, 734 (Ind. 2007), *cert. denied*). The purpose of the special prosecutor statute is to protect the State's interest in preserving the public confidence in the criminal justice system and ensuring that the prosecutor serves the ends of justice. *Id.* (citing

---

[2] Repealed by Pub. L. No. 57-2014, § 4 (eff. July 1, 2014).

*State ex rel. Kirtz v. Delaware Circuit Court No. 5*, 916 N.E.2d 658, 659 (Ind. 2009)). "The public trust in the integrity of the judicial process requires that any serious doubt be resolved in favor of disqualification." *Williams v. State*, 631 N.E.2d 485, 487 (Ind. 1994).

[13] Larkin requests that the entire LaPorte County Prosecutor's Office be disqualified. It is well-settled that once the elected prosecuting attorney is disqualified, his or her whole office is disqualified from representing the State in a particular case. *Banton v. State*, 475 N.E.2d 1160, 1164 (Ind. Ct. App. 1985). If the "elected prosecutor (as opposed to a deputy prosecutor) is disqualified from a case and special prosecutor is appointed, the elected prosecutor's 'entire staff of deputies must be recused in order to maintain the integrity of the process of criminal justice.'" *Jones v. State*, 901 N.E.2d 655, 658 (Ind. Ct. App. 2009) (quoting *State ex rel. Goldsmith v. Superior Court of Hancock County*, 270 Ind. 487, 491, 386 N.E.2d 942, 945 (1979)). When an elected prosecutor is disqualified, his or her entire staff of deputies must be recused because "a prosecuting attorney exercises authority over and speaks through his deputies." *Goldsmith*, 270 Ind. at 491, 386 N.E.2d at 945.

[14] It is not, however, necessary to disqualify a prosecutor's entire staff or to dismiss an indictment because a deputy prosecutor has a conflict of interest. *Williams*, 631 N.E.2d at 487. The conflict of one deputy prosecutor will not have an impact on other deputy prosecutors in the office. *Goldsmith*, 270 Ind. at 490, 386 N.E.2d at 945. Accordingly, the conflict of a deputy prosecutor does

not require the recusal of the entire staff of the prosecutor. *Id.*, 386 N.E.2d at 945.

[15] The State argues that this issue is moot because the elected prosecutor, Szilagyi, was defeated by John Espar in the May 2014 primary election, and Espar was elected the new prosecuting attorney in November 2014. According to the State, Espar had no involvement in the challenged conduct, and a special prosecutor is unnecessary. An issue is deemed moot when it is no longer "live" or when the parties lack a legally cognizable interest in the outcome of its resolution. *Jones v. State*, 847 N.E.2d 190, 200 (Ind. Ct. App. 2006), *trans. denied*. "[W]hen we are unable to provide effective relief upon an issue, the issue is deemed moot, and we will not reverse the trial court's determination 'where absolutely no change in the status quo will result.'" *Id.* (quoting *In re Utley*, 565 N.E.2d 1152, 1154 (Ind. Ct. App. 1991)). However, a public interest exception may be invoked where: (1) the issue involves a question of great public importance; (2) the factual situation precipitating the issue is likely to recur; and (3) the issue arises in a context that will continue to evade review. *Id.*

[16] Larkin argues that we should not determine that the issue is moot because it would require us to take judicial notice of the election results. Indiana Evidence Rule 201(a)(1) allows us to judicially notice a fact that: "(A) is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction, or (B) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." We conclude

that well-known and readily ascertainable election results are subject to judicial notice pursuant to Evidence Rule 201(a)(1). *See Harden v. Whipker*, 676 N.E.2d 19, 19-20 (Ind. 1997) (holding that election results were subject to judicial notice). Consequently, we will take judicial notice that Espar is now the elected prosecutor of LaPorte County.

[17] We agree with the State that the appointment of a special prosecutor is moot here because Szilagyi is no longer the prosecutor. The new prosecutor Espar was not involved in listening to Larkin's confidential conversation with his attorney. Because there is no basis to disqualify Espar, there is no basis to disqualify the entire LaPorte County Prosecutor's Office as Larkin is requesting. We also conclude that the public interest exception is not applicable here. Although the issues involve a question of great public importance, i.e., improper interference with an attorney-client relationship by at least one deputy prosecutor, the circumstances here are unusual enough that they are not likely to recur or continue to evade review. Larkin's request to disqualify the entire LaPorte County Prosecutor's Office is moot. Consequently, we dismiss the appeal of the trial court's denial of Larkin's motion to disqualify the Prosecutor's Office and appoint a special prosecutor.[3]

---

[3] In its brief, the State relied in part upon Sixth Amendment violation of right to counsel cases, which we do not find relevant in this situation. *See, e.g.*, Appellee's Br. pp. 16-20 (relying on *State v. Taylor*, 35 N.E.3d 287 (Ind. Ct. App. 2015), *trans. granted*, and *Ingram v. State*, 760 N.E.2d 615 (Ind. Ct. App. 2001*), trans. denied*). The issue in *Taylor* was a motion to suppress evidence as a result of a Sixth Amendment violation and the issue in *Ingram* was the dismissal of charges against the defendant as a result of a Sixth Amendment

[18] The State also argues that the "only order which the trial court certified addressed whether then-Prosecutor Szilagyi and his deputies should be disqualified." Appellee's Br. p. 13. The State contends that the trial court has not addressed whether Espar's deputies should be disqualified and that we cannot address whether Neary or Armstrong should be individually disqualified. Only issues that were properly raised in the trial court in ruling on the trial court's order are available on interlocutory appeal. *Indiana Dep't of Envtl. Mgmt. v. NJK Farms, Inc.*, 921 N.E.2d 834, 841 (Ind. Ct. App. 2010), *trans. denied*. Larkin's motion and the trial court's order addressed only the disqualification of the entire Prosecutor's Office and appointment of a special prosecutor, not the disqualification of individual deputy prosecutors. Despite our concerns regarding the conduct here, we are constrained to agree with the State. However, if requested by Larkin, the trial court should consider whether disqualification of Neary and/or Armstrong would be appropriate in this situation.[4] In doing so, we note that "[p]ublic trust in the integrity of the judicial process requires us to resolve serious doubt in favor of a prosecutor's disqualification." *Kirtz*, 916 N.E.2d at 661. Further, "sometimes an attorney,

---

violation. Neither case addressed the disqualification of an entire prosecutor's office or an individual deputy prosecutor. Consequently, we find neither case persuasive here.

[4] We note that it is possible to disqualify individual attorneys rather than the entire prosecutor's office. Our supreme court has described a trial court's authority to disqualify an attorney "as necessary to prevent 'insult and gross violations of decorum.'" *Cincinnati Ins. Co. v. Wills*, 717 N.E.2d 151, 154 (Ind. 1999) (citations omitted). A trial court may disqualify an attorney for a violation of the Rules of Professional Conduct that arises from the attorney's representation before the court. *State v. Romero*, 578 N.E.2d 673, 676-77 (Ind. 1991) (disqualifying a former prosecutor who attempted to represent a defendant in a matter substantially related to a prior prosecution without the State's consent in violation of Professional Conduct Rule 1.11's duty to maintain confidences of the State, his former client).

guiltless in any actual sense, nevertheless is required to stand aside for the sake of public confidence in the probity of the administration of justice."[5]  *Id.*

## Conclusion

Whether the trial court erred by denying Larkin's motion to disqualify the LaPorte County Prosecutor's Office from this case is moot.  Consequently, we dismiss.

Dismissed.

Kirsch, J., and Najam, J., concur.

---

[5] Indiana Code Section 33-39-10-2(b)(3) also allows the appointment of a special prosecutor if "(A) the prosecuting attorney files a petition requesting the court to appoint a special prosecutor; and (B) the court finds that the appointment is necessary to avoid the appearance of impropriety."