## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 28 2018, 11:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Dewayne V. Adamson
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dewayne Vernon Adamson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 28, 2018

Court of Appeals Case No.
53A01-1608-PC-1912

Appeal from the Monroe Circuit Court

The Honorable Kenneth G. Todd, Judge

Trial Court Cause No.
53C03-1104-PC-608

**Robb, Judge.**

# Case Summary and Issue

[1] Dewayne Adamson appeals pro se the post-conviction court's denial of his petition for post-conviction relief, raising two issues for our review, which we consolidate and restate as whether the post-conviction court erred in denying his petition for post-conviction relief. Concluding the post-conviction court did not err, we affirm the denial of his petition.

# Facts and Procedural History

[2] We summarized the facts of this case in Adamson's direct appeal:

> On August 6, 2008, the Monroe County Sheriff's Department received a report from Adamson's ex-girlfriend claiming that he and a friend had abducted her, sexually and physically assaulted her, and fired a gun at her. Later that day, Adamson was arrested on an alleged probation violation and his residence was searched, and officers found a loaded AK-47. Adamson has several prior felony convictions, including a 2001 conviction for Class B felony criminal confinement.
>
> On August 12, 2008, the State charged Adamson with Class A felony rape, Class B felony criminal confinement, and the SVF charge. The State subsequently filed two amended informations, and Adamson ultimately stood charged with six counts of Class A felony criminal deviate conduct, Class B felony carjacking, Class B felony criminal confinement, Class C felony intimidation, two counts of Class D felony criminal recklessness, Class D felony strangulation, Class A felony attempted murder, and the Class B felony SVF charge. The State also alleged that Adamson was an habitual offender.
>
> On October 7, 2009, Adamson pled guilty to the SVF charge and to being an habitual offender. The State agreed to dismiss the remaining charges. It is unclear precisely why the State did not wish to pursue the charges on any of the more serious allegations

against Adamson, although there are suggestions in the record that the alleged victim did not want to testify against him.

\* \* \*

The trial court sentenced Adamson to twenty years for the SVF conviction, enhanced by thirty years for the habitual offender admission, for a total of fifty years.

*Adamson v. State*, No. 53A01-1002-CR-88, slip op. at \*1 (Ind. Ct. App. Nov. 30, 2010), *trans. denied*. We affirmed Adamson's sentence on direct appeal. *Id.* at \*3.

[3] On April 6, 2011, Adamson, pro se, filed a petition for post-conviction relief. Adamson alleged he did not knowingly, voluntarily, or intelligently waive his constitutional rights, the trial court failed to establish a factual basis for his guilty plea, and he was inadequately informed of the possible sentences before accepting the guilty plea. On August 3, 2015, Adamson, by counsel, filed a motion to amend his petition. Adamson's amended petition dropped his claim of waiver and receiving inadequate information regarding possible sentences and added a claim of ineffective assistance of trial counsel. The post-conviction court granted his motion to amend and set his petition for post-conviction relief for a hearing on November 3, 2015. On May 23, 2016, the post-conviction court issued its order denying Adamson's petition. Adamson now appeals.

# Discussion and Decision

# I. Standard of Review

A post-conviction proceeding offers a petitioner an "opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal." *Maymon v. State*, 870 N.E.2d 523, 526 (Ind. Ct. App. 2007), *trans. denied*. However, a post-conviction proceeding does not constitute "a super appeal," and it "provide[s] only a narrow remedy for subsequent collateral challenges to convictions." *Id.*

Post-conviction proceedings are civil in nature and the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002), *cert. denied*, 540 U.S. 830 (2003). On appeal from the denial of a petition for post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Willoughby v. State*, 792 N.E.2d 560, 562 (Ind. Ct. App. 2003), *trans. denied*. Therefore,

> [i]n order to prevail, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law.

*Id.* (internal citation and quotation marks omitted). We will not reweigh evidence or assess the credibility of witnesses. *Maymon*, 870 N.E.2d at 527.

# II. Ineffective Assistance of Trial Counsel

[7] Adamson first argues his trial counsel was ineffective for failing to move to disqualify the entire Monroe County Prosecutor's Office from prosecuting him. Specifically, Adamson alleges prior legal representation by two current prosecutors in the Monroe County Prosecutor's Office should have disqualified the office from prosecuting him.

[8] To succeed on a claim of ineffective assistance of trial counsel, Adamson must prove his counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Trial counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Black v. State*, 54 N.E.3d 414, 424 (Ind. Ct. App. 2016), *trans. denied*. A deficient performance is prejudicial if there is a reasonable probability that, but for trial counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

[9] At the time of Adamson's guilty plea, Indiana's special prosecutor statute permitted a trial court to appoint a special prosecutor when it is evident "by clear and convincing evidence that the appointment is necessary to avoid an actual conflict of interest . . . ." *Kubsch v. State*, 866 N.E.2d 726, 731 (Ind. 2007) (citing Ind. Code § 33-39-1-6(b)(2) (repealed 2014)), *cert. denied*, 533 U.S. 1067 (2008). In determining whether a prosecutor should be disqualified, the trial

court must determine whether the controversy in the pending case is substantially related to an issue in which the prosecutor, as a private attorney, previously represented the defendant. *Id.* The trial court must also determine whether the prosecutor received confidential information in the prior representation and whether that information may have subsequently assisted the prosecution. *Id.* If an elected prosecutor is disqualified from a case, the elected prosecutor's entire staff must also be recused. *Larkin v. State*, 43 N.E.3d 1281, 1286 (Ind. Ct. App. 2015). However, the disqualification of a deputy prosecutor does not require the recusal of the entire staff. *Id.*

[10] On December 7, 1999, the State charged Adamson with rape, a Class A felony; two counts of criminal deviate conduct, both Class A felonies; and criminal confinement, a Class B felony. The State also alleged Adamson was an habitual offender. On December 13, 1999, Robert Miller, now the current Chief Deputy Prosecuting Attorney of the Monroe County Prosecutor's Office, filed an appearance on Adamson's behalf. On January 31, 2000, Miller filed a motion to withdraw his appearance. Christopher Gaal, now the current Monroe County Prosecuting Attorney, appeared in court on Miller's behalf and advised the trial court Miller would be withdrawing his appearance in the case. The trial court accepted Miller's withdrawal and appointed a public defender to represent Adamson.

[11] Fully distilled, Adamson's argument is that due to Chief Deputy Miller's brief representation of him and Prosecutor Gaal's appearance in court on Miller's behalf in late 1999 and early 2000, his trial counsel should have moved to

disqualify the Monroe County Prosecutor's Office in 2008. However, the record is absent of any evidence demonstrating an actual conflict of interest. Other than conclusory statements that Chief Deputy Miller learned of confidential information, Adamson does not offer any specifics or evidence about what Miller may have learned or how that influenced Adamson's decision to plead guilty. Moreover, the record does not demonstrate Chief Deputy Miller played any role whatsoever in Adamson's charges and guilty plea in 2008. As for Prosecutor Gaal, the evidence only demonstrates he appeared in court on Miller's behalf to advise the trial court that Miller would be withdrawing his appearance in the case. And as with Chief Deputy Miller, Adamson offers zero evidence of an actual conflict of interest between Prosecutor Gaal and himself.

[12] Adamson has failed to demonstrate an actual conflict of interest between himself and Chief Deputy Miller or Prosecutor Gaal; therefore, his counsel was not deficient in failing to move to disqualify the Monroe County Prosecutor's Office.

# III. Factual Basis

[13] Adamson also alleges the trial court failed to establish a factual basis for his plea of guilty to the habitual offender enhancement. The habitual offender enhancement statute provides,

> (a) Except as otherwise provided in this section, the state may seek to have a person sentenced as a habitual offender for any felony by alleging, on a page separate from the rest of the

charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

* * *

(c) A person has accumulated two (2) prior unrelated felony convictions for purposes of this section only if:

> (1) the second prior unrelated felony conviction was committed after sentencing for the first prior unrelated felony conviction; and

> (2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after sentencing for the second prior unrelated felony conviction.

Ind. Code § 35-50-2-8 (2005). Adamson alleges the trial court failed to establish a factual basis for his habitual offender adjudication. He bases this argument on the guilty plea hearing transcript which omits any sentencing dates for his prior convictions. Although we agree the sentencing dates are omitted from Adamson's factual basis, we disagree that this entitles him to relief on his petition for post-conviction relief.

[14] In *Weatherford v. State*, 619 N.E.2d 915, 917-18 (Ind. 1993), our supreme court held a post-conviction petitioner who challenges the propriety of his adjudication as an habitual offender may not prevail simply by putting the State to its proof as though the case were being tried or appealed in the first instance. *Id.* Rather, the defendant must demonstrate he is *not* an habitual offender under the laws of the State of Indiana. *Id.* at 918.

Thus, it is Adamson's burden to prove he is not an habitual offender. Here, the record reveals Adamson admitted to the prior felonies which served as the basis for the habitual offender determination. Additionally, Adamson has not set forth any evidence demonstrating that there was anything untrue about the determination that he is an habitual offender. Thus, Adamson has failed to meet his burden of proving he is not an habitual offender.

# Conclusion

The post-conviction court did not err in denying Adamson's petition for post-conviction relief.

Affirmed.

Crone, J., and Bradford, J., concur.