


FILED

Dec 10 2024, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Denise Paul Hatch, Constable of the Center Township of
Marion County Small Claims Court,

*Appellant-Plaintiff*

v.

The Honorable Brenda A. Roper, Judge of the Center Township
of Marion County Small Claims Court,

*Appellee-Defendant*

December 10, 2024

Court of Appeals Case No.
24A-PL-1375

Appeal from the Marion Superior Court

The Honorable Kurt M. Eisgruber, Judge

Trial Court Cause No.
49D06-2312-PL-47082

**Opinion by Judge Weissmann**
Judges Pyle and Felix concur.

**Weissmann, Judge.**

[1]     While serving as Constable of Marion County's Center Township Small Claims Court, Denise Hatch sued the court's presiding judge, the Honorable Brenda Roper, over Judge Roper's appointment of Special Constables to carry out Constable Hatch's duties. The trial court entered judgment on the pleadings in favor of Judge Roper, and Constable Hatch appealed. But Hatch has since been removed from her public office by operation of law. Finding her appellate claims are therefore moot, we dismiss.

## Facts

[2]     Hatch was elected Center Township Constable in November 2022 and began serving her four-year term of office in January 2023. Her official duties included acting as bailiff and process server for the Center Township Small Claims Court. By statute, Constable Hatch was compensated solely through the fees collected for each service of process she effected.

[3]     Ten months into Constable Hatch's term, Judge Roper found Constable Hatch had "failed to maintain any meaningful contact with the [Center Township Small Claims] Court so that personal service of process and orders of the Court [could] be completed." App. Vol. II., pp. 10, 16. Therefore, pursuant to Indiana Code § 33-34-6-4(d), Judge Roper appointed several Special Constables to carry

out Constable Hatch's duties.[1] Constable Hatch, in turn, sued Judge Roper in Marion Superior Court.

[4] In her complaint, Constable Hatch disputed her purported inability to perform the duties of her office, and she protested that her means of compensation had been improperly granted to the Special Constables. Constable Hatch did not request damages though. Instead, she sought: (1) a declaration that Judge Roper was violating Indiana law by not withdrawing the Special Constable appointments; and (2) an injunction requiring Judge Roper to withdraw them.

[5] Judge Roper denied the material allegations of Constable Hatch's complaint. She then moved for judgment on the pleadings, characterizing the lawsuit as an original action for writ of mandate over which the Indiana Supreme Court had exclusive jurisdiction.[2] The trial court agreed with this characterization and entered judgment on the pleadings in Judge Roper's favor. Constable Hatch then initiated this appeal of the trial court's judgment.

---

[1] Indiana Code § 33-34-6-4(d)(2) provides: "If there is an inability of a constable to carry out the constable's duties, the judge may appoint a special constable to carry out the duties of the constable during the inability." (cleaned up).

[2] Indiana Original Action Rule 1(A) provides: "The Supreme Court has exclusive, original jurisdiction to supervise the exercise of jurisdiction by other courts of the State of Indiana by virtue of Indiana Constitution, Article 7, Section 4, and [Indiana] Appellate Rule 4(B)(3)." And Indiana Appellate Rule 4(B)(3) provides: "The Supreme Court shall have exclusive jurisdiction over the . . . [s]upervision of the exercise of jurisdiction by other courts of the State of Indiana, including the issuance of writs of mandate and prohibition."

[6] Meanwhile, in a separate case,[3] the State charged Constable Hatch with official misconduct, a Level 6 felony, for unlawfully carrying a handgun in the performance of her duties as Center Township Constable. Constable Hatch eventually pleaded guilty to the felony charge pursuant to a plea agreement with the State, and on October 8, 2024, the trial court entered judgment of her conviction. Pursuant to Indiana Code § 5-8-1-38(b), Constable Hatch was thereby removed from her public office by operation of law.[4] A new Center Township Constable has since been elected, but Hatch's appeal in the case against Judge Roper remains pending.

## Discussion and Decision

[7] Hatch challenges the trial court's entry of judgment on the pleadings in favor of Judge Roper, arguing that her lawsuit was not an original action for writ of mandate over which the Indiana Supreme Court had exclusive jurisdiction. Rather, Hatch contends her complaint merely sought a declaration concerning the validity of Judge Roper's Special Constable appointments, which the trial court had jurisdiction to issue under Indiana's Declaratory Judgment Act.[5] We

---

[3] Pursuant to Indiana Evidence Rule 201(a), we take judicial notice of the Marion Superior Court's records in Case No. 49D18-2405-F6-014188. *See McMillen v. State*, 169 N.E.3d 437, 443 n.4 (Ind. Ct. App. 2021) ("The records need not be from the court hearing the present action; records of any Indiana court are appropriate for judicial notice.").

[4] Indiana Code § 5-8-1-38(b)(1)(C) provides: "Any public officer convicted of a felony during the public officer's term of office shall be removed from office by operation of law when, in a guilty plea hearing, the person pleads guilty or nolo contendere to a felony." (cleaned up).

[5] Indiana Code § 34-14-1-1 provides: "Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

observe that Hatch also sought an injunction requiring Judge Roper to withdraw the Special Constable appointments. However, we need not decide whether the trial court had jurisdiction to issue either form of relief because Hatch's claims are moot.

[8] "Mootness arises when the primary issue within the case 'has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved.'" *In re Custody of M.B.*, 51 N.E.3d 230, 233 (Ind. 2016) (quoting *Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991)). "[W]hen no effective relief can be rendered to the parties before the court," a case will be deemed moot and "usually dismissed." *Lawrance*, 579 N.E.2d at 37.

[9] In this case, the primary issue was whether Constable Hatch was unable to carry out the duties of Center Township Constable, such that Judge Roper was authorized to appoint Special Constables to perform those duties under Indiana Code § 33-34-6-4(d)(2). Hatch's removal from the public office resolved this issue because she is no longer entitled to perform the duties of Center Township Constable. *See Larkin v. State*, 43 N.E.3d 1281, 1283 (Ind. Ct. App. 2015) (finding on interlocutory appeal that denial of defendant's motion to disqualify elected prosecutor was mooted by prosecutor's failure to win reelection). Moreover, Hatch did not seek any retrospective relief, only a declaratory judgment and injunction. *See Bookwalter v. Ind. Election Comm'n*, 209 N.E.3d 438, 443 (Ind. Ct. App. 2023) ("A case is moot when . . . the parties lack a legally cognizable interest in the outcome." (internal quotation omitted)).

As we are unable to provide Hatch with effective relief, her appeal is moot. And though there exists a public interest exception to the mootness doctrine, we find it inapplicable here because circumstances of Hatch's case are unusual enough that they are not likely to recur. *See generally T.W. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 121 N.E.3d 1039, 1042 (Ind. 2019) ("The public interest exception may be invoked when an issue involves a question of great public importance which is likely to recur." (cleaned up)). Accordingly, we dismiss.

Pyle, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Andrea L. Ciobanu
Ciobanu Law, P.C.
Indianapolis, Indiana


ATTORNEY FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana